IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANDREW L. MOFFETT,

    Plaintiff,

vs.

CONTRA COSTA COUNTY SHERIFF'S DEPUTY GONZOLAS/GONZALOUS, et al.,

    Defendants.

No. C 12-04359 YGR (PR)

**ORDER OF SERVICE**

**INTRODUCTION**

Plaintiff has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, complaining that he was subjected to improper force by Defendants after he was processed at intake at the Martinez Detention Facility (MDF) on July 7, 2011.[1]

His motion for leave to proceed *in forma pauperis* will be granted in a separate Order.

Venue is proper because the events giving rise to the claim are alleged to have occurred in Contra Costa County, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: Contra Costa County Sheriff's Deputies Gonzolas/Gonzalous[2] and County as well as "Defendant[s] 2 Through 15 Unknown." Plaintiff seeks monetary damages.

**DISCUSSION**

**I.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

---

[1] Plaintiff claims he was transferred to MDF from Lancaster State Prison because he "had court the following day July 8, 2011 in the superior court before Judge L. Brady." (Pl.'s Ex. B at 3.)

[2] Throughout his complaint, Plaintiff spells this Defendant's name as both "Gonzolas" and "Gonzalous." Therefore, the Court will refer to both names in this Order.

relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.  Legal Claims

### A.  Excessive Force

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards. Whenever guards stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 317 (1986)).

According to Plaintiff's allegations in the complaint, Defendants Gonzolas/Gonzalous and County as well as several Doe Defendants used excessive force against him after he was processed at intake at MDF on July 7, 2011. Liberally construed, Plaintiff's claim is cognizable under § 1983 as a violation of his Eighth Amendment right against cruel and unusual punishment.

### B.  Claims Against Doe Defendants

Plaintiff identifies "Defendant[s] 2 Through 15 Unknown" whose names he intends to learn through discovery. The use of Doe Defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. *Id.* Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against the Doe Defendants are DISMISSED from this action without prejudice. Should Plaintiff learn the Doe Defendants' identities through discovery, he may move to file an amended complaint to add these Defendants as named defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim for the use of excessive force against Defendants Gonzolas/Gonzalous and County.

2. The claims against the Doe Defendants are DISMISSED WITHOUT PREJUDICE.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to **Contra Costa County Sheriff's Deputies Gonzolas/Gonzalous and County**. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the Contra Costa County Counsel's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty-three (63) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty-three (63) days** from the date on which the request for waiver was sent or **twenty-one (21) days** from the date the waiver form is filed, whichever is later.

5. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a. No later than **ninety-one (91) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[3] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

 If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty-three (63) days** after the date on which Defendants' motion is filed.

    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

4

declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. *Wyatt*, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. *Stratton*, 697 F.3d at 1008-09.

(The *Rand* and *Wyatt/Stratton* notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

       d.    Defendants shall file a reply brief no later than **twenty-eight (28) days** after the date Plaintiff's opposition is filed.

       e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7.     All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

9.     Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: January 30, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**